IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| Jennings Casey, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:21-cv-01087 |
| Hobbs Rental, LLC | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | COLLECTIVE AND CLASS ACTION |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Jennings Casey ("Casey" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against Hobbs Rental, LLC ("Hobbs Rental") showing in support as follows:

### I. NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant paid on a salary basis.

2. Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former salary paid manual laborers who worked for Defendant and who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

1

3. This civil action is also brought as a Rule 23 class action under the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-20 – 50-4-30 ("NMMWA") for Defendant's failure to pay Plaintiff and similarly situated class members time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant paid on a salary basis without overtime pay.

4. Plaintiff and the Class/Collective Action Members seek all damages available under the FLSA and NMMWA, including back wages, liquidated damages, legal fees, costs, and pre- and post-judgment interest.

## II.   THE PARTIES

### A.   Plaintiff Jennings Casey

10. Plaintiff is an individual residing in Lea County, New Mexico. Plaintiff has standing to file this lawsuit.

11. Plaintiff worked for Defendant from on or about December 2016 to January 2020.

12. Although Plaintiff was treated as an exempt employee at all times, he was non-exempt and entitled to receive overtime pay.

13. At material times, Plaintiff earned a salary of approximately $350 per day without any overtime pay in connection with work for Defendant.

14. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.   FLSA Collective & Rule 23 Class Action Members

15. The putative FLSA Collective Action Members and Rule 23 Class Action Members are all current and/or former salaried paid manual laborers similarly situated to Plaintiff who work/worked for Defendant more than 40 hours in any workweek and are/were not paid time

and one-half their regular rate of pay for all hours worked over 40 in each such workweek by Defendant.

16. Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

17. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

18. Plaintiff can satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure to maintain a class action with respect to the putative Class Action Members' claims.

19. The relevant time period for the claims of the putative Class Action Members is the date that the alleged violation began to occur and forward.

**C.**     **Defendant Hobbs Rental, LLC**

20. Defendant Hobbs Rental, LLC is a domestic limited liability company organized under the laws of the State of New Mexico.

21. During all times relevant to this lawsuit, Defendant has done, and continues to do, business in the State of New Mexico.

22. Defendant's principal office and principal place of business is located at 814 W Marland Blvd, Hobbs, NM 88240.

23. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

24. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

25. Defendant is/was an employer of Plaintiff and the putative collective/class action

members.

26. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, trucks and/or tanks, personal protective equipment, computers, and other supplies/materials used in connection with Defendant's business operations.

27. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

28. Defendant may be served with summons through its registered agent William D. Forrest, 814 W. Mardland, Hobbs, New Mexico 88241.

### III.   JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

30. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

31. The United States District Court of New Mexico has personal jurisdiction over Defendant because Defendant does business in New Mexico and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in New Mexico and in this District.

32. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV. FACTUAL BACKGROUND

33. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

34. Defendant is an oil and gas field services company that provides oil & gas maintenance and monitoring services to protect the assets and employees of its oil and gas industry clients.

35. Plaintiff was a hard band supervisor employed by Defendant in connection with its oilfield services enterprise. As a hard band supervisor, Plaintiff's primary duties involved welding work. The work Plaintiff performed was neither office work, nor non-manual in nature, or supervisory, but did require substantial manual labor to be performed. Defendant employed manual laborers like Plaintiff in New Mexico and Texas.

36. Defendant failed to pay Plaintiff overtime premium pay when he worked more than forty hours in a given workweek, which was common. Plaintiff and other manual laborers typically worked approximately 80 hours per week. When Defendant paid Plaintiff on a salary basis, he would only receive his weekly salary of approximately $350 without additional pay for overtime.

37. During the time period relevant to Plaintiff's FLSA and NMMWA class/collective action claims, Defendant employed many other salary paid manual laborers who were not paid overtime premium pay for the many hours of overtime that they typically worked in a given seven-day workweek.

## V.     FLSA CLAIMS FOR OVERTIME PAY

38. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

39. All conditions precedent to this suit, if any, have been fulfilled.

40. At all relevant times, Defendant is/was eligible and a covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

41. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

42. At all material times, Plaintiff was Defendant's employee pursuant to the FLSA. 29 U.S.C. § 203(e).

43. Plaintiff was not exempt from overtime under the FLSA.

44. Plaintiff was paid on a salary basis by Defendant.

45. At times relevant to this lawsuit, Plaintiff worked in excess of 40 hours per seven-day workweek for Defendant. Defendant was required to pay Plaintiff time and one-half his respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

46. Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

47. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

48. Defendant's violation of the FLSA, as described above, was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty in a seven-day workweek.

49. Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim, and the claims of the putative Collective Action Members, as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

50. Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.    COLLECTIVE ACTION CLAIMS (FLSA)

51. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

52. Plaintiff seeks to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and/or former salary paid manual laborers who work/worked for Defendant more than 40 hours in any workweek and are/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such workweek, three years from the date the Court certifies this action as a FLSA collection action to the present.**

53. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid a salary for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

54. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

55. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

56. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

57. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

58. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

59. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. NMMWA CLAIMS FOR OVERTIME PAY

60. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

61. At all times relevant to this lawsuit, Defendant has been an employer within the meaning of N.M. Stat. Ann. § 50-4-21(B).

62. At all times relevant to this lawsuit, Plaintiff was an employee of Defendant within the meaning of N.M. Stat. Ann. § 50-4-21(C).

63. The NMMWA requires payment of at least the applicable minimum wage ($9.00 effective January 1, 2020 (*see* N.M. Stat. Ann. § 50-4-22(A)(2))) and payment of one and one-half

times the employee's regular rate of pay for each hour worked over forty (40) hours per workweek (*see* N.M. Stat. Ann. § 50-4-22(D)).

64. As the result of the foregoing conduct, as alleged, Defendant failed to pay all wages due under the NMMWA by failing to pay all due and owing overtime and/or minimum wages to Plaintiff. This conduct violated the NMMWA.

65. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer from a loss of income and other damages.

66. Pursuant to N.M. Stat. Ann. § 50-4-32, Plaintiff is entitled to recover for all violations that occurred as part of Defendant's continued course of conduct regardless of the date on which they occurred.

67. Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. Stat. Ann. § 50-4-26(C)-(E), which authorizes a private cause of action for Plaintiff and the Class Members. Under that statute, Plaintiff and the Class Members are entitled to their unpaid wages, plus an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico Law.

### VIII. CLASS ACTION ALLEGATIONS (NMMWA)

68. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

69. Plaintiff brings his NMMWA claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

70. Plaintiff proposes an initial definition of the New Mexico Class Members as:

**All current and/or former salary paid manual laborers similarly situated to Plaintiff who work/worked for Defendant in New Mexico, work/worked more than 40 hours**

**in any workweek; and are/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such workweek**.

71. Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

72. <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – The New Mexico Class is so numerous that joinder is impracticable. On information and belief, the number of New Mexico Class Members exceeds forty (40).

73. <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the New Mexico Class, including but not limited to, the following:

   a. Whether Defendant maintained a policy or practice of failing to pay all due and owing overtime wages by paying Plaintiff and the putative New Mexico Class Members a salary irrespective of their hours of work, and;

   b. The proper measure of damages sustained by the putative New Mexico Class.

74. <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative New Mexico Class. Plaintiff, like other New Mexico Class Members, was subject to Defendant's policies or practices of failing to pay all due and owing overtime wages by paying Plaintiff and the putative New Mexico Class Members a salary without overtime premium pay irrespective of their hours of work. Plaintiff's job duties and claims are typical of those of the putative New Mexico Class.

75. <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative New Mexico Class.

76. <u>Adequacy of Representation</u> (Fed R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees seeking

back overtime and minimum wages, and other wage and hour concerns. Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative New Mexico Class Members.

77. <u>Predominance and superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the New Mexico State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative New Mexico Class predominated over any questions affecting only individual members of the putative New Mexico Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully failed to compensate members of the putative New Mexico Class. The damages suffered by individual New Mexico Class Members are small compared to the expense and burden of individual prosecution of this action. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policies or practices.

78. <u>Ascertainability</u> – The identity of the members of the New Mexico Class is readily ascertainable based on Defendants' records.

79. <u>Notice</u> (Fed. R. Civ. P. 23(c)(2)(B)) – Plaintiff intends to send notice of this lawsuit to all New Mexico Class Members to the extent provided by Rule 23.

## IX.     JURY DEMAND

80. Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members/Class Members on all issues.

## X.     DAMAGES AND PRAYER

81. Plaintiff asks that the Court issue summonses for Defendant to appear and answer,

and that Plaintiff and the putative Collective/Class Action Members be awarded a judgment against Defendant for the following or order(s) from the Court for the following:

    a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

    b. An order certifying this case as a class action under Rule 23 for the New Mexico state law claims;

    c. All damages allowed by the FLSA and NMMWA, including back wages;

    d. Liquidated damages in an amount equal to FLSA-mandated back wages and/or NMMWA-mandated back wages;

    e. Legal fees, costs and expenses, as permitted under the FLSA and/or NMMWA;

    f. Pre- and Post-judgment interest, as permitted under the FLSA and/or NMMWA;

    g. All other relief to which Plaintiff and the putative Collective Action Members/Class Members may be justly entitled.

Dated: November 10, 2021

Respectfully submitted,

By:    s/ Ricardo J. Prieto
Ricardo J. Prieto
TX State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
TX State Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE & CLASS ACTION MEMBERS