## SETTLEMENT AGREEMENT AND RELEASE

1.  This Settlement Agreement and Release (the "Settlement Agreement") is entered into between Casey Jennings ("Plaintiff") on the one hand, and Hobbs Rental Corp. ("Defendant") on the other hand (hereinafter, Plaintiff and Defendant referred to as the "Parties"), subject to the approval of the Court (as defined herein).

## RECITALS

2.  On November 10, 2021, Plaintiff filed a lawsuit against Defendant styled *Jennings Casey* [sic] *v. Hobbs Rental, LLC*, later amended to name Defendant Hobbs Rental Corp., Case No. 2:21-cv-01087-KRS-GJF, in the United States District Court for the District of New Mexico (the "Action");

3.  In the Action, Plaintiff, individually and on behalf of the Settlement Class (defined at paragraph 10(s)), asserts in the Action that Defendant failed to pay proper overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the New Mexico Minimum Wage Act, NMSA § 50-4-20—50-4-30 ("NMMWA");

4.  Defendant denies the allegations in the Action and denies that it engaged in any wrongdoing or violation of law. Defendant is entering into this Settlement Agreement because it will eliminate the burden, risk, and expense of further litigation. Neither this Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement, may be used in any way as an admission, concession, or indication by or against Defendant of any fault, wrongdoing, or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement Agreement would be appropriate in the Action or any other case;

5.  As the result of the Parties' arm's length negotiations, including a settlement conference conducted before Honorable Gregory Fouratt, the Parties have agreed to settle the Action according to the terms of this Settlement Agreement. The settlement conference involved robust discussions of risks and rewards of continued litigation and several offers and counter-offers;

6.  Class Counsel (defined at paragraph 10(c)), has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In entering into this Settlement Agreement, Class Counsel has considered: (a) the facts developed in litigation and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this settlement according to the terms of this Settlement Agreement. Plaintiff has concluded that the terms of this Settlement Agreement are fair, reasonable, and adequate, and that it is in the best interests of himself and the Settlement Class to settle their claims against Defendant pursuant to the terms set forth herein;

7.  The Parties recognize that notice to the Settlement Class of the material terms of this Settlement Agreement, as well as Court approval of this Settlement Agreement, are required

to effectuate the Settlement Agreement, and that the Settlement Agreement will not become operative until the Court grants approval of it and the Settlement Agreement becomes effective;

8. The Parties stipulate and agree that, solely for settlement purposes, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met. This Settlement Agreement is contingent upon approval of collective action certification by the Court. Should this Settlement Agreement not become final, such stipulation to collective action certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context;

9. In consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and such other conditions are set forth herein, that Plaintiff's Action against Defendant shall be settled, compromised, and dismissed, on the merits and with prejudice, and that Plaintiff and the Participating Settlement Class Members (defined at paragraph 10(n)) shall fully and finally compromise, settle, and dismiss the Released Claims (defined at paragraph 10(o)) as to the Releasees (defined at paragraph 10(p)), in the manner and upon the terms and conditions set forth herein.

## DEFINITIONS

10. The following terms used in this Settlement Agreements shall have the meanings set forth to them below:

   a. **"Action"** means: the lawsuit styled *Jennings Casey* [sic] *v. Hobbs Rental Corp.*, Case No. 2:21-cv-01087-KRS-GJF, United States District Court for the District of New Mexico.

   b. **"Approval Order"** means: an order of the Court approving the terms and conditions of this Settlement Agreement.

   c. **"Class Counsel"** means: Shellist Lazarz Slobin LLP. For purposes of providing any notices required under this Agreement, Class Counsel shall refer to Melinda Arbuckle, marbuckle@eeoc.net, Shellist Lazarz Slobin LLP, 11 Greenway Plaza, Suite 1515' Houston, TX 77046.

   d. **"Class Period"** means: the three years prior to the date of the filing of the Action.

   e. **"Court"** means the United States District Court for District of New Mexico.

   f. **"Defendant's Counsel"** means: Atwood Malone Turner & Sabin P.A. For purposes of providing any notices required under this Agreement, Defendant's Counsel shall mean Rod Schumacher and Carla Williams, rschumacher@atwoodmalone.com,

    cwilliams@atwoodmalone.com, P.O. Drawer 700; 400 N. Pennsylvania Avenue, Suite 1100; Roswell, NM 88201.

g. **"Defendant's Entities"** means: Hobbs Rental Corp. and its parents, shareholders, partners, subsidiaries, holding companies, affiliates, predecessors, successors, and joint venture parties.

h. **"Effective Date"** means: the first business day following the Court's Approval Order, so long as neither Plaintiff nor Defendant timely appeal such Approval Order, in which case the Effective Date shall be the first business day following the exhaustion of all timely appeals from the Court's Approval Order.

i. **"Fee Award"** means: the award of attorneys' fees and expenses that the Court authorizes to be paid to Class Counsel for the services provided to Plaintiff and the Settlement Class in the Action. The Fee Award to Class Counsel shall not exceed $150,872.00, which is forty percent (40%) of the Gross Settlement Amount, plus case expenses in the amount of $872.00. Said amount shall be paid subject to an IRS Form 1099.

j. **"Gross Settlement Amount"** means: the maximum amount that Defendant shall potentially pay as provided for in this Settlement Agreement, in exchange for the release of all Released Claims by Plaintiff and the Participating Settlement Class Members, which is the sum of $375,000.00, excluding the employers' share of federal and state payroll taxes. This sum shall include all Settlement Awards made to Plaintiff and the Participating Settlement Class Members, all Service Awards, and the Fee Award. The Gross Settlement Amount is a material term of this Settlement Agreement. To the extent that Plaintiff or the Court seeks to require Defendant to pay more than the Gross Settlement Amount as part of this Settlement Agreement, Defendant shall retain the right, in the exercise of its sole discretion, to nullify this Settlement Agreement. In no event shall the Gross Settlement Amount exceed this sum.

k. **"Net Settlement Amount"** means: the Gross Settlement Amount less: (i) the Fee Award, and (ii) the Service Award to Plaintiff.

l. **"Notice Deadline"** means: the date forty-five (45) days after the Notice of Settlement is initially mailed by Class Counsel to the Settlement Class Members. Settlement Class Members shall have until the Notice Deadline to return an executed Claim Form to Class Counsel to participate in the Settlement. No Settlement Class Members' responses of any kind that are postmarked more than forty-five (45) calendar days after the initial mailing of Notice of Settlement shall be considered.

m. **"Notice of Settlement"** means: the notice to the Settlement Class Members with a Claim Form in substantially the same form as <u>Exhibit A</u>. The Claim Form will include a release of claims as described below in paragraph 9(o).

n. **"Participating Settlement Class Members"** means: all Settlement Class Members who return an executed Claim Form to Class Counsel by the Notice Deadline.

o. **"Released Claims"** means: any and all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, against Releasees (as defined herein) for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or any other compensation and relief arising under the FLSA, the NMMWA, and any other state or local wage-related law applicable to the work performed for Defendant's Entities during the Class Period.

p. **"Releasees"** means: Hobbs Rental Corp. and all of its past, present, and future parent companies, subsidiary companies, holding companies, affiliated and sister companies, predecessors, successors, assigns, insurers, benefit plans, staffing companies, joint employers, joint venture parties, and related companies, and, as to each, all of their past, present and future officers, directors, principals, shareholders, partners, owners, members, agents, employees, and representatives, in their individual and corporate capacities.

q. **"Service Award"** means: the payment that the Court authorizes to be paid to Plaintiff from the Gross Settlement Amount for his service in bringing and prosecuting this case and in consideration of the general release set forth herein Paragraph 10(a). The Service Award to Plaintiff shall not exceed the gross amount of $5,000.00 and shall be paid subject to an IRS Form 1099.

r. **"Settlement Award"** means: the payment that each respective Participating Settlement Class Member shall be entitled to receive pursuant to the terms of this Settlement Agreement. The gross amount of each respective Settlement Award shall be divided equally between two checks: (1) check for wages, minus applicable payroll withholding, to be reported on an IRS Form W-2; (2) a check for non-wages to be reported on an IRS Form 1099.

s. **"Settlement Class"** or **"Settlement Class Members"** means: individuals who were employed by Defendant and paid on a salary basis while performing manual labor job duties and defined as "Collective Action Members" in the Amended Complaint as during the Class Period.

t. **"Settlement Award Checks"** means: the checks for each Settlement Class Member's Settlement Award. The Settlement Award Checks will include language indicating that endorsing and cashing the check will constitute an affirmative opt in for FLSA purposes, pursuant to 29 U.S.C. § 216(b), which affirmatively requires employees to opt in to receive a settlement under the FLSA. The language to be included will be substantially similar to the following: "My signature or cashing this check constitutes my consent to join the lawsuit entitled *Jennings Casey* [sic] *v. Hobbs Rental Corp.*, Case No. 2:21-cv-01087-KRS-GJF, pending in the United States District Court for the District of New Mexico, pursuant to the provisions of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b), for purpose of participating in a settlement. I further understand that my signature or cashing of the check constitutes a full and complete release of Hobbs Rental Corp. and all of their current or former subsidiary or affiliated entities, and their current or former owners, members, officers, directors, and employees for any and all claims under the FLSA and NMMWA occurring during my employment from any time between _____ and the Effective Date of the Settlement Agreement. I accept this check as payment in full for all FLSA claims alleged in the lawsuit."

## RELEASES

11. **Release**. In consideration of the benefits to be received by Plaintiff and the Participating Settlement Class Members under this Settlement Agreement, upon the Effective Date as follows:

   a. **Mutual General Release between Plaintiff and Defendant.** Plaintiff shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Genetic Information Nondiscrimination Act of 2008 (GINA); the Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); the Civil Rights Act of 1991; the Immigration Reform and Control Act; the Americans with Disabilities Act of 1990; the Consolidated Omnibus Reconciliation Act ("COBRA"); the Family and Medical Leave Act; the Equal Pay Act; New Mexico Minimum Wage Act, NMSA § 50-4-20—50-4-30; Texas Labor Code (specifically including the Texas Payday Law, the Texas Anti-Retaliation Act, Chapter 21 of the Texas Labor Code, and the Texas Whistleblower Act); or any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract or tort laws, or any claim arising under common law, such as, without limitation, claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or respondent superior, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees based upon any conduct occurring up to and including the date of the Court's Approval Order. Plaintiff irrevocably waives any right to monetary recovery from the Releasees, whether sought directly by them or in the event any administrative agency or other public authority, individual, or group of individuals should pursue any claim on their behalf. Notwithstanding the previous sentence, this Settlement Agreement does not limit Plaintiff's right to receive an award or payment from a government agency (and not

Defendant) for information provided to any government agency. Plaintiff acknowledges he has not suffered or reported any alleged workplace injuries associated with work performed for Defendant prior to execution of this Agreement that have not otherwise been fully and finally resolved. Defendant releases and forever discharges Plaintiff and any of his predecessors and/or successors in interest, attorneys, heirs and assigns from any and all matters, claims, complaints, charges, demands, damages, causes of action, debts, liabilities, controversies, judgments, and suites of any kind and nature whatsoever as of the date of this Agreement, foreseen or unforeseen, known or unknown, including but not limited to those arising out of Plaintiff's employment with Defendant and/or the termination of such employment.

b. The Participating Settlement Class Members shall be deemed to have released and discharged the Releasees from the Released Claims if she/he returns an executed Claim Form to Class Counsel by the Notice Deadline. Plaintiff shall be deemed to have released and discharged the Releases from the Released Claims plus each and every claim set forth in Paragraph 10(a).

c. Notwithstanding any other provision of this Settlement Agreement, this release does not: (i) waive or release any claim for breach or enforcement of this Settlement Agreement; (ii) waive or release any right or claim that may not be waived or released under applicable law; or (iii) prevent any Participating Settlement Class Member from pursuing any administrative claim for unemployment compensation or workers' compensation benefits. Nothing in this Settlement Agreement precludes any Participating Settlement Class Member from: (i) reporting to, responding to an inquiry from, filing a charge or complaint with, communicating with or providing information to, contacting, or cooperating with an investigation conducted by, the Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal, state, or local governmental agency, commission, or regulatory body; (ii) providing information about this Settlement Agreement to his/her spouse, attorney, accountant, or tax advisor (if any); (iii) making disclosures or giving truthful testimony as required by law or valid legal process (such as by a subpoena or administrative order); or (iv) engaging in any concerted or other legally-protected activities.

### CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

12. The Parties agree to the following procedures for obtaining approval of the Settlement Agreement, certifying the Settlement Class for the purpose of settlement only, and notifying the Settlement Class of this settlement:

a. **Request for Class Certification and Approval Order**. Within seven (7) calendar days of execution of this Settlement Agreement by all Parties, Plaintiff shall file a Motion for Approval of Settlement Agreement, requesting that the Court (i) approve the Settlement Agreement, (ii) certify the Settlement Class pursuant to 29 U.S.C. § 216(b) for settlement purposes only, and (iii) approve the Notice form (including

  Claims Form) attached as <u>Exhibit A</u>. Defendant shall have an opportunity to review and join said Motion for Approval of Settlement Agreement before the same is filed with the Court.

b. **Class Data.** Within **seven (7) calendar days** of the Effective Date, Defendant shall provide to Class Counsel the Settlement Class Members' last-known addresses and telephone numbers for purposes of sending notice to the Settlement Class Members.

c. **Verification of Class Data.** In order to provide the best notice practicable, Class Counsel shall take all steps reasonably necessary to verify the Class Data, including conducting online research, and/or making phone calls to Settlement Class Members.

d. **Notice.** Class Counsel shall be responsible for preparing, printing, and sending the Notice of Settlement to all Settlement Class Members. Within **fourteen (14) calendar days** of the date of the Court's Approval Order, Class Counsel shall send the Notice of Settlement to all Settlement Class Members via First Class U.S. Mail. Any Notice of Settlement returned to the Class Counsel with a forwarding address shall be re-mailed by Class Counsel within five (5) calendar days following receipt of the returned mail. If any Notice of Settlement is returned to Class Counsel without a forwarding address, the Class Counsel shall undertake reasonable efforts such as skip traces to search for the correct address within **five (5) calendar days** and shall re-mail the Notice of Settlement to any newly found addresses within **five (5) calendar days** of finding the new address(es).

e. **Final Report by Class Counsel.** Within five (5) calendar days after the Notice Deadline, Class Counsel shall confirm (i) the total number of Settlement Class Members who were sent the Notice of Settlement (ii) the identities of Settlement Class Members who timely returned a Claim Form (including any updated mailing addresses), and (iii) all executed Claim Forms.

f. **Dismissal of the Action**. The Court Approval Order shall incorporate a provision dismissing the Action, including Plaintiff's claims and the claims of Participating Settlement Class Members, with prejudice.

## SETTLEMENT FUNDS AND AWARD CALCULATION

13. **Payments**. Subject to the Court's Approval Order, Defendant shall pay the following amounts from the Gross Settlement Amount:

a. **Service Award to Plaintiff**. Plaintiff shall receive $5,000 for his efforts in bringing and prosecuting the Action and in consideration of the general release set forth above in Paragraph 10(a). Defendant shall issue an IRS Form 1099 for this payment. Plaintiff shall be solely and legally responsible for all taxes on this service award. Defendant shall pay the Court-awarded Service Award to Plaintiff no later than fourteen (14) calendar days following the Effective Date.

b. **Attorneys' Fee Award**

   (i) Class Counsel shall receive attorneys' fees and expenses in an amount not to exceed $150,000.00, which is 40% of the Gross Settlement Amount, plus expenses in the amount of $872.00 (the "Fee Award"). Said sums will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the settlement, securing Court approval of the settlement, making sure that the settlement is fairly administered and implemented, and obtaining final dismissal of the settled claims.

   (ii) The Fee Award paid by Defendant pursuant to this Settlement Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney, or law firm for attorneys' fees in the Action on behalf of Plaintiff and/or any Participating Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiff or any Participating Settlement Class Member.

   (iii) An IRS Form 1099 shall be provided to Class Counsel for the Attorneys' Fee Award payment made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to that firm. Class Counsel shall provide Defendant's Counsel with a Tax Form W9 to facilitate this payment prior to the deadline for the payment of the Attorneys' Fee Award.

   (iv) Defendant shall pay the Court-awarded Attorneys' Fee Award to Class Counsel no later than **fourteen (14) calendar days** following the Effective Date.

c. **Settlement Administration Costs**. The Parties agree that it is not necessary to retain a third-party settlement administrator to effectuate this settlement. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the settlement. The Parties will bear their own fees and expenses related to settlement administration.

d. **Settlement Awards to Participating Settlement Class Members**. Settlement Awards shall be made to Participating Settlement Class Members as set forth in Exhibit B.

e. **Reduction in Attorneys' Fees**. Any reduction in attorney's fees shall not reduce the Gross Settlement Amount. All reductions in attorneys' fees will inure to the benefit of the Settlement Class Members who submit claim forms on a pro rata basis.

f. **Interest**. No interest will accrue on any portion of the Gross Settlement Amount. Any interest earned on the Gross Settlement Amount will remain Defendant's sole and exclusive property.

g. **Payroll Taxes**. Defendant's share of federal and state payroll taxes shall be determined and paid by Defendant.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

14. **Settlement Award Eligibility**. All Participating Settlement Class Members shall be paid a Settlement Award from the Net Settlement Amount. The allocation amounts are based on the Class Data sent to Class Counsel. The Settlement Award will be based on each Settlement Class Members' estimated overtime weeks multiplied by the applicable work week value. The exact settlement distributions, including the net distribution available to the Settlement Class Members, for each potential Settlement Class Member is reflected in Exhibit B. If any individuals identified in Exhibit B do not timely file a Claim Form, then said sum for those individuals will remain in the sole and exclusive possession of Defendant. In other words, the failure of a potential member of the Settlement Class to participate in this settlement **will not** increase the pro-rata share paid to the Participating Settlement Class Members or otherwise inure to the benefit of the Participating Settlement Class Members. Defendant will retain any such sums that are not paid. The Parties agree that this provision is a material term of this Settlement Agreement. To the extent that Plaintiff or the Court seek to modify it, Defendant shall retain the right, in the exercise of its sole discretion, to nullify this Settlement Agreement.

15. **Settlement Award Split Between Wages and Non-wages**. Fifty percent (50%) of each Settlement Award to Participating Settlement Class Members shall be treated as back wages, and accordingly, on each Settlement Award, Defendant shall effectuate federal and applicable state income and employment taxes, levies, child support orders, and similar withholdings as required by law with respect to 50% of each Settlement Award distributed, and Defendant shall pay Defendant's customary employer share of all required federal and state payroll taxes on such amounts. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to federal or state withholdings. Each Participating Settlement Class Member shall be solely and legally responsible to pay all taxes on the non-wage penalties and liquidated damages portion of the Settlement Award.

16. Defendant shall mail all Settlement Awards to Participating Settlement Class Members within **sixty (60) calendar days** of the Notice Deadline. Defendant shall then provide a written certification of such payments to counsel for the Parties within **five (5) calendar days** of mailing all Settlement Awards to Participating Settlement Class Members.

17. **Period to Cash Settlement Award Checks**. All Settlement Award checks shall remain valid and negotiable for one hundred twenty (120) days from the date Defendant sends the Settlement Award Checks to the Participating Settlement Class Members and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. All funds from checks not cashed will revert to Defendant. Defendant will include with each mailed check a letter stating

that the check must be cashed or deposited within one hundred twenty (120) days or it will be cancelled and deemed void and of no further effect.

18. **Remaining Monies**. Defendant will retain any portion of the Settlement Amount that is not distributed due to the failure to receive timely and valid Claim Forms.

19. **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against the Releasees, Plaintiff, the Settlement Class Members, Class Counsel, or Defendant's Counsel based on distributions or payments made in accordance with this Settlement Agreement.

## MISCELLANEOUS

20. **Legal Fees**. Defendant's legal fees and expenses in the Action shall be borne by Defendant.

21. **Full Compensation**. Other than those payments set forth herein, the Service Award and Settlement Awards provided for in this Settlement Agreement are the sole payments to be made by Defendant's Entities or any Releasee to any person or entity in exchange for the claims released in herein. No Plaintiff or Participating Settlement Class Member will be entitled to any additional compensation or benefits as a result of receiving amounts under this Settlement Agreement. For example, receipt of funds herein will not entitle any Plaintiff or Participating Settlement Class Member to additional compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the Settlement Class Periods covered by this Settlement Agreement. Payments under the Settlement Agreement will not entitle a Plaintiff or Participating Settlement Class Member to any increased retirement, 401(k) benefits or matching benefits, or other compensation benefits. This provision will apply notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement Agreement.

22. **Nullification of the Settlement Agreement**. In the event (a) the Court does not approve the Settlement Agreement as provided herein or (b) the Settlement Agreement does not become final for any other reason, this Settlement Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Settlement Agreement. If this occurs, the Parties shall make reasonable efforts to cure the alleged deficiencies in this Settlement Agreement identified by the Court and resubmit a revised Settlement Agreement to the Court for approval.

23. **Inadmissibility of Settlement Agreement**. Except for purposes of settling the Action, neither this Settlement Agreement, nor its terms, nor any document, statement, proceeding, or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication, or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession, or damage.

24. **Computation of Time**. For purposes of this Settlement Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by Fed. R. Civ. P. 6(a)(6)), such time period shall be continued to the following business day.

25. **Tax Indemnification**. Plaintiff and Participating Settlement Class Members agree to pay any taxes found to be owed from payments made pursuant to this Settlement Agreement and to hold the Releasees harmless from any claims, assessments, demands, penalties, and interest found to be owed as a result of any payment made pursuant to this Settlement Agreement. Plaintiff and the Participating Settlement Class Members do not indemnify and hold harmless the Releasees from any claims, assessments, demands, penalties, and interest found to be owed for time worked for Defendant arising out of payments/compensation previously made or due to any failure on Defendant's part to pay employer-side taxes as provided in this Settlement Agreement.

26. **Amendment or Modification**. This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

27. **Entire Settlement Agreement**. This Settlement Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties, or inducements have been made to any party concerning this Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation, or warranty, express or implied, not contained in this Settlement Agreement.

28. **Authorization to Enter into Settlement Agreement**. Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement.

29. **Binding on Successors and Assigns**. This Settlement Agreement shall be binding upon, and inure to the benefit of Plaintiff, Defendant, and the Participating Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate, or reorganize.

30. **Counterparts**. This Settlement Agreement may be executed in one or more counterparts, including by facsimile, email, and/or electronic signature. All executed counterparts and each of them shall be deemed to be one and the same instrument.

31. **Cooperation and Drafting**. The Parties have cooperated in the drafting and preparation of this Settlement Agreement; hence the drafting of this Settlement Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Settlement Agreement were negotiated at arms' length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

32. **Jurisdiction of the Court**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for this purpose.

33. **Non-Publicity**. The Parties and their counsel agree not to publicize or publish the fact or terms of this settlement via television, radio newspaper, internet, social media,[1] web, magazine, journal, report, pamphlet, book, news/press release, billboard, public posting, or any other media outlet.

34. **Plaintiff's and Participating Settlement Class Members' Acknowledgment**. Plaintiff and the Participating Settlement Class Members acknowledge that they may hereafter discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to the Released Claims. Plaintiff and the Participating Settlement Class Members nonetheless agreed that this Settlement Agreement and the Released Claims contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law regarding such Released Claims. These releases do not include any claims that cannot be waived as a matter of law, but Plaintiff and the Participating Settlement Class Members agree that they will not accept any monetary recover or benefit from any proceedings relating to any such claims.

**AGREED BY:**

| | |
|---|---|
| _[signature]_ | **HOBBS RENTAL CORP., Defendant** |
| **CASEY JENNINGS, on behalf of himself, as Plaintiff, and on behalf of the Participating Settlement Class Members** | By: _____<br>Title: _____ |
| Date: June 3, 2022 | Date: _____ |

---

[1] "Social Media" means any form of electronic communication (such as Web sites for social or professional networking and blogging) through which users create online communities to share information, ideas, personal messages, opinions, and other content, such as videos. This includes, without limitation, Facebook, Twitter, LinkedIn, and Instagram.

31. **Cooperation and Drafting**. The Parties have cooperated in the drafting and preparation of this Settlement Agreement; hence the drafting of this Settlement Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Settlement Agreement were negotiated at arms' length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

32. **Jurisdiction of the Court**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for this purpose.

33. **Non-Publicity**. The Parties and their counsel agree not to publicize or publish the fact or terms of this settlement via television, radio newspaper, internet, social media,[1] web, magazine, journal, report, pamphlet, book, news/press release, billboard, public posting, or any other media outlet.

34. **Plaintiff's and Participating Settlement Class Members' Acknowledgment**. Plaintiff and the Participating Settlement Class Members acknowledge that they may hereafter discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to the Released Claims. Plaintiff and the Participating Settlement Class Members nonetheless agreed that this Settlement Agreement and the Released Claims contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law regarding such Released Claims. These releases do not include any claims that cannot be waived as a matter of law, but Plaintiff and the Participating Settlement Class Members agree that they will not accept any monetary recover or benefit from any proceedings relating to any such claims.

**AGREED BY:**

|  |  |
|---|---|
|  | **HOBBS RENTAL CORP., Defendant** |
|  | *Robert C. Brown Jr.* (signature) |
| **CASEY JENNINGS, on behalf of himself, as Plaintiff, and on behalf of the Participating Settlement Class Members** | By: Robert C. Brown, Jr., its President |
|  | Date: June 3, 2022 |
| Date: _____ |  |

---

[1] "Social Media" means any form of electronic communication (such as Web sites for social or professional networking and blogging) through which users create online communities to share information, ideas, personal messages, opinions, and other content, such as videos. This includes, without limitation, Facebook, Twitter, LinkedIn, and Instagram.

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| Jennings Casey, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 2:21-cv-01087-KRS-GJF |
| Hobbs Rental Corp., | § § | |
| Defendant. | § | |

## NOTICE OF SETTLEMENT OF COLLECTIVE ACTION LAWSUIT
## ALLEGING OVERTIME WAGES AGAINST HOBBS RENTAL CORP.

**The United States District Court for the District of New Mexico approved this notice.**

TO:  All individuals employed by Hobbs Rental Corp. at any time from [DATE] to the present who were not paid at the rate of one and one-half times their hourly rate for all hours worked in excess of forty in any given workweek.

RE:  Collective action lawsuit seeking unpaid overtime and back wages.

**DEADLINE TO RETURN CONSENT FORM: 45 days from issuance**

**1.  Why Are You Getting This Notice?**

You received this notice because the Court in charge of this collective action lawsuit has determined that this notice be sent to persons who have been identified by Hobbs Rental Corp's (HRC) records as current or former employees who were not paid at the rate of one and one-half times their hourly rate for all hours worked in excess of forty in any given workweek.

The Court determined that you should receive notice of this collective action lawsuit that may affect your legal rights. This notice is intended to advise you of how your rights under the Fair Labor Standards Act ("FLSA") may be affected by this lawsuit and describe how you can participate in this suit if you want to.

In a collective action lawsuit, one or more people called "Named Plaintiffs" or "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. To join a collective action, a person must file a plaintiff consent form with the court. All the people who file consent forms are together considered to be part of the "Collective." The court can determine whether it will allow a lawsuit to proceed as a collective action. In a collective action, one court resolves common issues for everyone in the collective. Collective actions are brought under the FLSA, as in this case.

**2.      What Is This Lawsuit About?**

Casey Jennings, a former employee of HRC, filed this lawsuit on behalf of himself and other current and former HRC employees who performed manual labor duties but were not paid at the rate of one and one-half time their hourly rate for all hours worked in excess of forty in any given workweek. Mr. Jennings alleges that HRC failed to pay him and other employees overtime for time worked over 40 hours in a workweek in violation of federal law. Mr. Jennings alleges that HRC owes these employees back wages in the form of unpaid overtime, double damages (liquidated damages), plus his attorneys' fees and costs for himself and all similar situated workers.

HRC denies that it violated the FLSA, or any other federal law, and has asserted various defenses against Mr. Jennings' allegations.

The Court has not expressed any view as to which party will prevail in this lawsuit but has authorized this notice to be sent to inform you of your legal rights and ability to join this lawsuit. By signing and returning a Consent to Join Wage Claim Form, you can make a claim to recover damages under federal law that were incurred during the time period from [DATE] to the present.

**3.      What Are Your Options?**

If you want to join this lawsuit and make a claim for unpaid overtime wages as part of the collective action, you must read, sign, and return the attached Release of Claims Form by **45 days from issuance**. You may return your Release of Claims Form by filling out the attached form and returning it by mail, email, or fax to:

<u>**Overtime Lawsuit Against Hobbs Rental Corp. (Jennings)**</u>
**SHELLIST | LAZARZ | SLOBIN LLP**
**11 Greenway Plaza, Suite 1515**
**Houston, TX 77046**
**Telephone: (713) 621-2277 – Fax: (713) 621-0993**
**E-mail: bbelcoff@eeoc.net**

Instead of contacting the above counsel, you may also contact counsel of your choice and pursue your claims outside of the lawsuit.

If you do not wish to be part of the lawsuit, you do not need to do anything. The decision to join is entirely yours. You are under no obligation to join.

**4.      Effect Of Joining or Not Joining the Lawsuit.**

If you return a Consent to Join Wage Claim form, and the form is filed by the attorney, you will be part of this case and bound by the settlement.

If you do not join the lawsuit, you will not be part of the case in any way and will not be bound by or affected by the settlement.

**5.      What Happens If I Return My Release of Claims Form?**

If you opt-in and return your Release of Claims Form, you will receive your full settlement allocation. You will also knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Hobbs Rental Corp.[1] from/for any and all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, against Releasees (as defined herein) for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or any other compensation and relief arising under the FLSA, the NMMWA, and any other state or local wage-related law applicable to the work performed for HRC during the Class Period.

**6.      What Are the Settlement Benefits?**

Under the terms of the Settlement, HRC agrees to pay a "Gross Settlement Amount" of $375,000.00. Deducted from the Gross Settlement Amount will be sums, subject to approval by the Court, for attorneys' fees of up to 40% of the Gross Settlement Amount ($150,000.00), and up to $872.00 in litigation costs to Class Counsel. The settlement also provides for a service award up to $5,000.00 to the Named Plaintiff.

Each Class Member who opts into the Settlement shall ultimately be entitled to a specific sum, which will be based on the individual Class Member's work history within the applicable statute of limitations and a uniform assumption of daily overtime worked.

One half of the settlement payment will be reported as W-2 wage earnings, with payroll taxes withheld. The other half of the settlement payment will be reported as 1099 earnings. Each Class Member will be responsible for the payment of personal taxes owing on the settlement payments. Because the settlement includes non-wage earnings, please complete the enclosed IRS Form W-9 and provide your most up-to-date information.

**7.      HRC Cannot Retaliate Against You for Participating in This Lawsuit.**

This Court and Federal law prohibit anyone from firing, blackballing, or in any other way discriminating against you because you join this case. HRC has agreed to abide by the law in this regard.

If you suspect any retaliation for participating in this suit, please immediately call the attorneys listed below.

---

[1] Hobbs Rental Corp. includes its past, present, and future parent companies, subsidiary companies, holding companies, affiliated and sister companies, predecessors, successors, assigns, insurers, benefit plans, staffing companies, joint employers, joint venture parties, and related companies, and, as to each, all of their past, present and future officers, directors, principals, shareholders, partners, owners, members, agents, employees, and representatives, in their individual and corporate capacities.

**8.     Your Legal Representation If You Join.**

If you choose to join this collective action lawsuit, your attorneys will be Ricardo J. Prieto and Melinda Arbuckle of Shellist Lazarz Slobin, LLP. This contact information is listed below.

**9.     How Can You Receive More Information?**

If you have any questions about the collective action or your legal rights, you may contact counsel for the class of HRC employees directly at:

>   Ricardo J. Prieto
>   Melinda Arbuckle
>   SHELLIST | LAZARZ | SLOBIN LLP
>   11 Greenway Plaza, Suite 1515
>   Houston, TX 77046
>   (713) 621-2277 – Telephone
>   (713) 621-0993 – Facsimile
>   bbelcoff@eeoc.net

**You should not contact HRC or its attorneys about this lawsuit or seek advice from them on whether you should participate. Any information you provide HRC or its attorneys may be used against you or the employees who decide to join this case.**

**You should not contact the Court to discuss this matter.**

**10.    You Have Forty-Five (45) Days to Join This Lawsuit.**

Your determination of whether to take action should be made promptly. All Release of Claims Forms must be received no later than **45 days from issuance**, which is forty-five (45) days after this Notice was mailed to you. A Release of Claims Form is enclosed with a self-addressed stamped envelope.

**11.    How Will the Lawyers Be Paid?**

Subject to Court approval, the Gross Settlement Amount includes (1) attorneys' fees of up to $150,000.00; and (2) up to $872.00 in litigation costs payable to Class Counsel. The Court may award less than these amounts from the Gross Settlement Amount.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| Jennings Casey, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 2:21-cv-01087-KRS-GJF |
| Hobbs Rental Corp., | § § | |
| Defendant. | § | |

## RELEASE OF CLAIMS FOR [FULL NAME]

I received the Notice of Settlement which informed me that I will receive a payment totaling $[FULL AMOUNT] if I return this Release of Claims form so that it is received by the Class Counsel by _____.

By signing and returning this Release of Claims form, I agree that in exchange for my settlement payment, I knowingly and voluntarily, irrevocably and unconditionally, forever and fully release knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Hobbs Rental Corp.1 from/for any and all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, against Releasees (as defined herein) for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or any other compensation and relief arising under the FLSA, the NMMWA, and any other state or local wage-related law applicable to the work performed for Hobbs Rental Corp. up to [insert date].

_____    _____
DATE                              [FULL NAME]

Return to:
Shellist | Lazarz | Slobin LLP
Attn: Melinda Arbuckle
11 Greenway Plaza, Suite 1515
Houston, TX 77046
bbelcoff@eeoc.net
Must be emailed or postmarked by _____.

---

[1] Hobbs Rental Corp. includes its past, present, and future parent companies, subsidiary companies, holding companies, affiliated and sister companies, predecessors, successors, assigns, insurers, benefit plans, staffing companies, joint employers, joint venture parties, and related companies, and, as to each, all of their past, present and future officers, directors, principals, shareholders, partners, owners, members, agents, employees, and representatives, in their individual and corporate capacities.

1

Exhibit B

| Name | W-2 Wages | Liquidated Damages |
|---|---:|---:|
| Antonio Carmona | $2,120.54 | $2,120.54 |
| Donald Crowder | $21,500.02 | $21,500.02 |
| Casey Jennings | $3,939.80 | $3,939.80 |
| Chase Landrum | $2,240.46 | $2,240.46 |
| Robert Maxwell | $3,603.88 | $3,603.88 |
| Joseph Mishler | $5,948.97 | $5,948.97 |
| Vince Neal | $2,665.95 | $2,665.95 |
| Omar Sauceda | $6,838.14 | $6,838.14 |
| William Smith | $1,108.89 | $1,108.89 |
| Jarid Spain | $37,510.59 | $37,510.59 |
| Patrick Wells | $10,880.47 | $10,880.47 |
| Kevin Ybarra | $7,935.76 | $7,935.76 |
| Jesse Clements | $2,883.42 | $2,883.42 |
| Larry Johnson | $387.12 | $387.12 |