UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

Jennings Casey, *individually and on behalf of all others similarly situated*,

    Plaintiff

v.                                            Civ. No. 21-1087 GJF/SMV

Hobbs Rental Corp.,

    Defendant.

**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, REASONABLE ATTORNEY'S FEES, PLAINTIFF'S SERVICE AWARD, AND DISMISSAL WITH PREJUDICE**

Before the Court is Plaintiff's Unopposed Motion for Approval of Settlement Agreement, Reasonable Attorney's Fees, Plaintiff's Service Award and Dismissal with Prejudice of this Action [ECF 20], including Plaintiff's claims and the claims of participating settlement class members with prejudice.

While district courts in the Tenth Circuit are split as to the application of the Eleventh Circuit precedent requiring approval of settlements of FLSA cases,[1] the Court FINDS, in this instance, that the settlement agreement should be and hereby is APPROVED.

The Court further FINDS that:

    (1)    a *bona fide* dispute exists between the Parties with respect to whether the settlement class members were properly classified as exempt under the FLSA and the amount of damages, if any;

---

[1] *See Acevedo v. Southwest Airlines Co.*, No. 1:16-cv-00024-MV-LF, 2019 WL 6712298, at *7 (D.N.M. Dec. 10, 2019) (noting that in FLSA cases many courts in the Tenth Circuit do not apply *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), instead finding that courts are "not required to review the merits of the settlement agreement").

1

(2) the settlement was negotiated at arm's length at a settlement conference before the Court;

(3) the settlement is fair and provides adequate consideration and notice of the lawsuit to the settlement class members;

(4) the proposed settlement contains a reasonable award of attorneys' fees based on a reasonable contingency fee of 40% and pursuant to the *Johnson* factors;

(5) Plaintiff's requested service award of $5,000 is reasonable; and

(6) this Action, including the Plaintiff's and the participating settlement class members' claims will be dismissed with prejudice.

The Court ORDERS that

(1) the case is certified as a collective action under 29 U.S.C. § 216(b) for settlement purposes only;

(2) if not previously provided, Defendant shall produce to Plaintiff within **seven (7) days** of this Order the last known addresses and telephone numbers of the settlement class members identified in the settlement agreement;

(3) The settlement class members shall receive notice of the settlement within **fourteen (14) days** of this Order;

(4) Defendant shall pay to Plaintiff the $5,000 service award and $150,872.00 in attorney's fees and costs within **fourteen (14) days** of this Order;

(5) the settlement class members shall have **forty-five (45)** days from the mailing of the notice to opt-in to the settlement;

(6) Plaintiff will provide all releases by any participating settlement class members to Defendant by no later than **seven (7) days** after the close of the opt-in period;

(7) Defendant shall have **sixty (60) days** after the close of the opt-in period to tender settlement checks to the participating settlement class members;

(8) Defendant will provide a written certification of payments to counsel for Plaintiff within **five (5) days** of mailing the settlement checks, and

(9) The Parties shall jointly stipulate to dismissal of this Action, including Plaintiff's and the participating settlement class members' claims with prejudice no fewer than **five (5) days** after counsel for Plaintiff's receipt of the written certification of payments.

**IT IS THEREFORE ORDERED** that the Plaintiff's Unopposed Motion for Approval of Settlement Agreement, Reasonable Attorney's Fees, and Plaintiff's Service Award [ECF 20] is hereby GRANTED.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*